## ALEXANDER *vs.* BAKER.

Where a plaintiff in *fi. fa.* had obtained judgment against certain named persons, as trustees for a church, which was to be levied on certain property mentioned therein, and where, on the trial of a claim case arising under such levy, the plaintiff showed that a title had been conveyed to trustees for the church, but such trustees were not named in the deed, and it was not shown that the persons named as trustees in the judgment ever were such in fact, there was no error in dismissing the levy.

February 1, 1887.

Trusts and Trustees. Claim. Levy and Sale. Before Judge WILLIS. Chattahoochee Superior Court. March Term, 1886.

Reported in the decision.

C. J. THORNTON; A. A. DOZIER, for plaintiff in error.

Jos. F. POU; E. J. WINN, for defendant.

BLANDFORD, Justice.

This was a claim case; the plaintiff having obtained a judgment against certain persons as trustees for Saint Peter's African Methodist Episcopal Church, which judgment required the same to be levied on certain property men-

tioned therein.   When this levy was made, Emanuel Baker interposed a claim thereto ; and on the trial of the case, it was shown that William McElvey had conveyed the property mentioned, by deed, to the trustees of the Saint Peter's African Methodist Episcopal Church, but no .persons were named as such trustees in the deed of conveyance; and the plaintiff in execution wholly failed to prove that the persons named as trustees in the judgment which he had obtained, ever were such trustees.   Upon demurrer to this evidence  by the claimant, the court sustained the same, and dismissed the levy ; and error is assigned to this ruling of the court.

We think that it was incumbent upon the plaintiff in execution to have shown that his judgment was against those persons who were in fact the trustees of Saint Peter's African Methodist Episcopal Church; and having failed to do this, the evidence which he introduced was not sufficient to authorize a recovery in his favor.   So we think that the court did right in sustaining the demurrer to the evidence and in dismissing the levy.

The judgment is affirmed.